UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDITH CAROLYN ESTEP,

       Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

Case No. 11-cv-11241
Honorable Julian Abele Cook, Jr.
Magistrate Judge David R. Grand

ORDER

This case involves a complaint by the Plaintiff, Edith Estep, who, in relying upon the authority of 42 U.S.C. § 405(g), has asked this Court to review a final decision by the Defendant, the Commissioner of the Social Security Administration ("Commissioner"). The parties thereafter filed motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, both of which were referred by the Court to Magistrate Judge David R. Grand for his evaluation. In a report on April 16, 2012, he recommended to this Court that it (1) deny Estep's motion for summary judgment, (2) grant the Commissioner's dispositive motion for relief, and (3) affirm the decision by the administrative law judge. Neither party has filed any objections to this report.

I.

Estep filed an application for Social Security Disability Insurance Benefits ("DIB") on July 11, 2007, alleging that she had severe bladder problems which limited her ability to work. (Tr. 91-92, 141).

Her disability allegedly began on March 1, 2004 and continued through September 30th of the same year, the last day on which she was insured for benefits.[1] (Tr. 91-92). When her DIB application was denied on September 10, 2007 (Tr. 41-44), Estep filed a request for an administrative hearing, (Tr. 23-39). On December 15, 2009, the administrative law judge ("ALJ") concluded that she was not disabled. (Tr. 15-20). In reaching this decision, the ALJ found that Estep's impairment did not meet or medically equal an impairment as set forth in 20 C.F.R. § 404.1520. (Tr. 17). The ALJ also determined that Estep (1) had the residual functional capacity to perform "the full range of medium work as defined in 20 C.F.R. § 404.1567(c)," (*Id*.), and (2) was also capable of performing a significant number of jobs in the national economy, (Tr. 19-20). The Appeals Council denied her request for review on January 20, 2011. (Tr. 1-3) This lawsuit followed on March 28, 2011.

II.

This Court has jurisdiction to review the Commissioner's final decisions to determine if (1) the findings are supported by substantial evidence and (2) the correct legal standards were applied. 42 U.S.C. § 405(g); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted), and is "more than a scintilla of evidence but less than a preponderance," *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The reviewing court must affirm the Commissioner's decision if it is supported by substantial evidence, even if the facts could also support a different conclusion.

---

[1] The ALJ indicated that Estep's application was filed on June 28, 2007, Tr. 15, but the record reflects the application date to have been initiated on July 11, 2007, Tr. 89.

*Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). This review is limited in scope to an examination of the record only. Thus, the court "does not review the evidence *de novo*, make credibility determinations, nor weigh the evidence." *Brainard*, 889 F.2d at 681.

III.

Estep submits the ALJ erred by not properly and fully evaluating her credibility when he determined that she was "capable of performing past relevant work as a stock/cashier." (Tr. 19). The ALJ uses a five-step evaluation to determine whether an individual is disabled and should receive benefits. Here, the ALJ determined (1) that Estep was not engaged in substantial gainful activity, (2) she had the severe medical impairment of being post bladder surgery, (3) she did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, (4) she had the residual functional capacity to perform the full range of medium work as defined in 20 C.F.R. § 404.1567(c), and (5) there were other jobs in the national economy that she could have performed. Thus, the ALJ determined she was not disabled and should not receive benefits.

Estep takes issue with the ALJ's assessment of part (4). There, the ALJ found that there was (1) an underlying medically determinable physical impairment (status post bladder surgery), but (2) Estep's statements about the limiting effects of her pain were not substantiated by medical evidence nor subjectively credible, thus she could still perform the full range of medium work. Estep argues that the ALJ did not properly evaluate her credibility. However, a review of the record and decision indicate that this argument is without merit.

It is the job of the ALJ to determine the credibility of subjective complaints of pain because "the ALJ's opportunity to observe the demeanor of the claimant 'is invaluable, and should not be

discarded lightly.'" *Kirk v. Secretary of Health & Human Servs.*, 667 F.2d 524, 538 (6th Cir. 1981) (quoting *Beavers v. Secretary of Health, Ed., & Welfare*, 577 F.2d 383, 387 (6th Cir. 1978)). The ALJ may discount the claimant's credibility when he "finds contradictions among the medical reports, claimant's testimony, and other evidence." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). The ALJ must consider "the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians . . . and any other relevant evidence in the case record" to determine if the claimant's claims about pain levels are credible. SSR 96-7p, 1996 SSR Lexis 4 (July 2, 1996). Once decided, a court may not disturb the ALJ's credibility determination "absent compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). When "[t]he absence of sufficient objective medical evidence makes credibility a particularly relevant issue" the court "defer[s] to the Commissioner's assessment when it is supported by an adequate basis." *Walters*, 127 F.3d at 531.

Here, the ALJ considered both Estep's subjective complaints of pain as well as objective medical evidence in determining that she retained the functional capacity to perform the full range of medium work. Estep complained that she experienced back pain and stomach spasms from lifting more than 5-10 pounds and that she had a lot of bladder infections for which she would take antibiotics. (Tr.19). She also described sitting with her feet elevated to relieve symptoms from the bladder condition. (*Id.*) However, the ALJ did not credit that testimony because her other activities during that time were not consistent with these claims of disability: Estep testified that she did yard work, drove, and shopped for food and clothes during the period of the alleged disability. (Tr. 18).

Additionally, the ALJ did not credit her subjective complaints of pain because they were not

4

supported by—and indeed, were conspicuously absent from—her medical records. He noted that there was "insufficient evidence in the overall record during the period at issue to support the limitations alleged by the claimant." (Tr. 19). Between May and September 2004, Estep went to the doctor three times. Treatment notes indicated she was in good health: her abdomen was soft, bowel sounds were present, her neck was supple and had full range of motion, she had lost approximately 25 pounds walking three miles a day, and she denied having chest pain or shortness of breath. (Tr. 19, 163-73). On her visit on September 10, 2004, the doctor noted she had no bowel or bladder dysfunction, and there is no other mention in the record of bladder problems, or of back pain, stomach pain, or difficulty working. (*Id*.).

The ALJ, considering Estep's statements as well as the objective medical evidence in accordance with Social Security Ruling 96-7p, determined that her complaints of pain lacked credibility. Since the ALJ's credibility determination is supported by substantial evidence on the record and because the Court gives a high level of deference to the ALJ's credibility determinations, his conclusion that Estep was able to perform the full range of medium work should not be disturbed.

Estep also argues that the ALJ should have asked a hypothetical question to a vocational expert that accurately described her subjectively reported limitations. However, Estep fails to explain why such a question should have been asked. Rather, when the inquiry focuses on the functional capacity of the claimant to perform her prior work, it is the claimant's burden to prove that she has a disability, not the burden of the ALJ to determine whether the claimant could perform her past relevant work by using a Vocational Expert. *See Wright-Hines v. Comm'r of Soc. Sec.*, 597 F.3d 392, 395 (6th Cir. 2010). Furthermore, the ALJ properly relied on the Medical-Vocational

5

Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2, when he made his alternate finding that Estep could have performed other jobs that existed in significant numbers in the national economy. Where an ALJ finds only exertional limits, and where the claimant's other characteristics fit the criteria of the guidelines, the ALJ may use the Guidelines rather than expert testimony to show that a significant number of jobs existed in the national economy. *See Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 922 (6th Cir. 1987); *Bohr v. Bowen*, 849 F.2d 219, 221 (6th Cir. 1988).

IV.

For the reasons that have been outlined above, the Court adopts the Report of Magistrate Judge Grand. Therefore, (1) Estep's Motion for Summary Judgment is denied, (2) the Commissioner's Motion for Summary Judgment is granted, and (3) Magistrate Judge Grand's Report and Recommendation is adopted in its entirety.

IT IS SO ORDERED.

Date: August 30, 2012　　　　　　　　　　　　　　s/Julian Abele Cook, Jr.
　　　　　　　　　　　　　　　　　　　　　　　　JULIAN ABELE COOK, JR.
　　　　　　　　　　　　　　　　　　　　　　　　U.S. District Court Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on August 30, 2012.

　　　　　　　　　　　　　　　　　　　　　　　　s/ Kay Doaks
　　　　　　　　　　　　　　　　　　　　　　　　Case Manager